UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ICEMYCHEST.COM, L.L.C.            CIVIL ACTION

VERSUS

SELF SERVE ICE, L.L.C.            No. 09-CV-253

## RULING ON MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed by Defendant, Self Serve Ice, L.L.C. (Doc. No. 4). No opposition has been filed. Jurisdiction is allegedly based on diversity, 28 U.S.C. § 1332. The Court, having reviewed the record, the law, and the arguments of the parties, now concludes that the defendant's Motion should be **GRANTED** for the following reasons.

## BACKGROUND

Plaintiff, Icemychest.com, L.L.C. ("IMC"), is a business engaged in the sale and marketing of self-serve ice vending machines. Defendant, Self Serve Ice, L.L.C. ("SSI"), is a business engaged in the manufacturing, distribution, and selling of self-serve ice vending machines. On February 1, 2008, IMC entered into an "Exclusive Sales and Marketing Agreement" ("Agreement") with SSI (doc. 1-2, Ex. A). IMC contends that the Agreement gave it the exclusive right to sell, distribute, and market all self-serve vending machines manufactured by SSI.

On April 28, 2009, IMC filed suit in this Court, claiming that SSI breached the Agreement by engaging and permitting third-parties to engage in the sale, distribution, and marketing of the "Ice Module," a newer, smaller version of the

"Stand Alone Roadside" self-serve ice vending machine. On July 7, 2009, SSI filed the present Motion to Dismiss for failure to state a claim upon which relief can be granted, and in the alternative, a Motion to Transfer based on a forum selection clause and for forum non conveniens. In support of its motion, SSI points to Paragraph 12 of the Agreement which contains a mandatory arbitration clause, forum selection clause, and choice of law clause:

> This agreement shall be governed by the laws of the State of Florida. Any agreements between IMC and the customers of IMC will be governed in Louisiana. IMC and SSI agree that all disagreements between them will be handled by a mutually agreed upon Arbitrator in Florida.

(doc. 1-2, Ex. A, ¶ 12)

Although unopposed, this Court must determine whether the defendant's motion has merit.

## LEGAL STANDARD

When determining whether a dispute is subject to arbitration, a court must engage in a two-step process. First, it must determine whether a valid agreement to arbitrate exists between the parties. *Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir.2002) (internal citation omitted). If so, it must then determine whether the dispute at hand fits within the parameters of the arbitration agreement. *Id.* Federal courts have long adhered to a policy of favoring arbitration. See, e.g., *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (stating that "the Courts of Appeal have ...

2

consistently concluded that questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration").

"An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974). Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases. *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir.2008) (citing, *Braspetro Oil Servs. Co. v. Modec (USA)*, 240 Fed.Appx. 612, 615 (5th Cir. 2007) (unpublished)) Such clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). A forum selection clause may be considered unreasonable if:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir.1997).

3

## DISCUSSION

Neither party disputes that the Agreement was signed by representatives at SSI and IMC on February 1, 2008; and neither party challenges the validity of the Agreement.[1] A party who signs a written instrument is presumed to know its contents. *Brown v. Pacific Life Insurance Co.*, 462 F. 3d 384, 397 (5th Cir. 2006). Although the language in the Agreement stating that "*all disagreements* between [IMC and SSI] will be handled by a mutually agreed upon Arbitrator in Florida" is quite broad, the Court has found no case which found that such a broad renders an agreement invalid. Nor has the Court found any other ground upon which the Court might conclude that the agreement is invalid. Accordingly, the Court finds that a valid agreement to arbitrate exists between the parties.

The next question to be answered is whether the dispute at hand fits within the parameters of the arbitration agreement. The Court finds that it does. The Agreement requires that IMC and SSI arbitrate "all disagreements" between them. Both IMC and SSI disagree on whether SSI breached the Agreement by engaging and permitting third-parties to engage in the sale, distribution, and marketing of the "Ice Module." The dispute at hand is a "disagreement" between the parties that fits squarely within the parameters of the arbitration agreement.

---

[1] Plaintiff seeks enforcement of the contract (see doc. 1, complaint). Defendant seeks enforcement of the arbitration and forum selection clauses of the contract (see doc. 4).

Having found that the dispute is subject to arbitration, the Court must determine the reasonableness of the forum selection clause which the parties chose to employ. A forum selection clause may be considered unreasonable if:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth*, 121 F.3d at 963.

Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a "heavy burden of proof." *Id.* at 961. In cases such as this one, where a litigant in federal court attempts to have a case dismissed based on a contractual provision requiring the selection of a particular forum for resolution of a dispute, the forum-selection clause should be upheld unless the party opposing its enforcement can show that the clause is unreasonable. *Haynsworth*, 121 F.3d at 962-63 (citing *Int'l Software Sys. v. Amplicon, Inc.*, 77 F.3d 112, 114-15 (5th Cir.1996)). The plaintiff has not directed the Court to anything in the record that would support a finding that the forum selection clause is unreasonable. Accordingly, IMC has not met its burden, the forum-selection clause is deemed reasonable, and the instant suit must be dismissed.

## CONCLUSION

For all of the foregoing reasons, the Court finds that the dispute at hand is subject to arbitration and that the forum-selection clause is not unreasonable. Accordingly, the motion by Defendant, Self Serve Ice, L.L.C., to dismiss (doc. 4), is **GRANTED**.

Baton Rouge, Louisiana, August 25, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA